IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ERIC BOULER, as administrator of the estate of MELVIN BOULER, deceased, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF GARY, INDIANA; OFFICER BRANDON DANGELO HENDERSON in his Official and Individual Capacity, unknown Officers of the Gary, Indiana Police Department, in their individual and official capacity; and RICHARD LIGON, in his individual and official capacity as Chief of Police for the City of Gary, <br><br> Defendants. | CIVIL ACTION NO. <br><br><br> 2:21-cv-00086-PPS-APR <br><br><br><br> JURY TRIAL DEMANDED |

## FIRST AMENDED COMPLAINT

### I. PRELIMINARY STATEMENT

This lawsuit involves the shooting death of Melvin Bouler (hereinafter "Melvin Bouler" or "Mr. Bouler") at the hands of City of Gary, Indiana police officers. On November 17, 2019, City of Gary police officers were called to the Small Farms apartment complex in the 2400 block of Roosevelt Street for a report of an intoxicated person with a weapon. Mr. Bouler was not intoxicated and had no weapon on his person; however, he was 82-years-old and hearing impaired. As a direct result of: (1) hyper-aggressive policing by the responding officers of Defendant City of Gary's police department, (2) Defendants' [City of Gary and Chief of Police Richard Ligon] failure to develop and maintain policies or customs not deliberately indifferent to the constitutional rights of its citizens, (3) Defendants' [City of Gary and Chief of Police Richard Ligon] abject failure to implement proper police supervision and training on how to deal with

1

disabled citizens, (4) Defendants' [City of Gary and Chief of Police Richard Ligon] abject failure to properly recruit, train, and supervise the police officers that intervened on November 17, 2019, and (5) Defendants' [City of Gary and Chief of Police Richard Ligon] negligent retention of Defendant Officer Brandon Deangelo Henderson after they knew or should have known of his documented propensity towards and history of aggressive, violent, and unlawful behavior, Mr. Bouler's statutory and constitutional rights were violated.  In short, Mr. Bouler's life was wrongfully taken because these Defendants, individually and/or acting in unison, were deliberately indifferent to his statutory and constitutional rights.   Plaintiff, Eric Bouler, brings this action as personal representative of the Estate of Melvin Bouler.

II.     **JURISDICTION**

1.      Plaintiff is seeking relief under the ADA, Section 504, and the U.S. Constitution through 42 U.S.C. § 1983, therefore the jurisdiction of this Court is instituted and authorized pursuant to 28 U.S.C. § 1331, 1343(a)(3) and 1343(a)4). Supplemental jurisdiction for the Indiana state law claims is invoked pursuant to 28 U.S.C. §1367.

III.    **VENUE**

2.      Venue is proper in the Northern District of Indiana, Hammond Division under 28 U.S.C. § 1391(b), which allows for an action to be brought in the district court where the Defendants reside or in which the cause of action arose.  The cause of action arose in the City of Gary, Indiana, which is in Lake County, Indiana.  Upon information and belief, the Defendants reside in Lake County, Indiana.  A substantial part of the unlawful acts alleged herein occurred in Lake County, Indiana.

III.    **STATEMENT IDENTIFYING THE PARTIES**

3.      Plaintiff, Eric Bouler (hereinafter "Plaintiff" or "E. Bouler"), is an individual over the age

2

of nineteen (19) years and a citizen of the United States residing in Indianapolis, Indiana in Marion County.  E. Bouler is the duly appointed administrator and legal representative of the estate of Melvin Bouler, deceased.

4. Defendant, City of Gary, Indiana (hereinafter "Defendant" or "City of Gary"), is a political subdivision of the State of Indiana, an Indiana municipal corporation, and, at all times relevant hereto, it employed individual Defendants, Chief of Police Richard Ligon and each officer involved in the shooting of Melvin Bouler.  Thus, Defendant City of Gary Indiana is responsible for the acts and/or omissions of its employees taken in the scope of their employment and is responsible for adequately training its employees on the statutory and constitutional limits of their authority while acting within the scope of their employment and under color of state law.

5. At all times relevant hereto, Defendant Richard Ligon (hereinafter "Defendant" or "Ligon") was the duly appointed Chief of Police of the Department and is sued in his individual capacity.  As such, he was the commanding officer of all officers involved in the fatal shooting of Melvin Bouler and all officers on the scene who violated his statutory and civil rights.  As the supervisor and final policymaker, Defendant Ligon was responsible for the training, supervision and conduct of all police officers under his command.  He was also responsible for enforcing the regulations of the City and for ensuring that the police personnel of the City obeyed the laws of the State of Indiana and the United States of America.

6. At all times relevant hereto and in all actions described herein, on November 17, 2019, Defendant Officer Brandon Deangelo Henderson (hereinafter "Defendant" or "Henderson") shot and fatally wounded Melvin Bouler while acting under color of law as a police officer, and in such capacity, as the agent, servant, and employee of Defendant City of Gary.  Mr. Henderson is sued in his individual capacity.

7. At all times relevant hereto and in all actions described herein, the police officers involved in the fatal shooting of Melvin Bouler were acting under color of law as police officers, and in such capacity, as the agents, servants, and employees of Defendant City of Gary. All such officers are sued in their individual capacity.

8. At all times relevant hereto and in all actions described herein, all City of Gary police officers on the scene when Mr. Bouler was fatally shot were acting under color of law as City of Gary-employed law enforcement officers and, in such capacity, as the agents, servant and employee of Defendant City. All such officers are sued in their individual capacity. E. Bouler will amend his Complaint to specifically name all such individuals, in their individual capacity, as discovery reveals their identities.

9. At all times relevant hereto and in all actions described herein, all City of Gary police officers on the scene when Mr. Bouler was fatally shot were acting under color of law as City of Gary-employed law enforcement officers and, in such capacity, as the agents, servant and employee of Defendant City. All such officers are sued in their individual capacity. E. Bouler will amend his Complaint to specifically name all such individuals, in their individual capacity, as discovery reveals their identities.

## IV. STATEMENT OF THE FACTS

10. Melvin Bouler was born on September 15, 1937 in Sweetwater, Alabama.

11. He was a resident of the City of Gary, Indiana and a legal resident of the State of Indiana at the time of his death.

12. Mr. Bouler had four children: Eric, Darnell, Merilyn, and Melissa. He was a member of St. John Baptist Church where at the time of his death he was serving on the usher board.

13. Mr. Bouler was employed with U.S. Reduction and was the president of his union until his retirement.

14. On or about November 17, 2019, at approximately 5:00 p.m., Mr. Bouler was unarmed and leaving the home of friends in the Small Farms apartment complex in the 2400 block of Roosevelt Street in Gary, Indiana when he was confronted by Officer Brandon Deangelo Henderson of the City of Gary, Indiana's Police Department.

15. As Mr. Bouler opened the door to his vehicle, Officer Henderson fired a fusillade of bullets at him, striking his body at least seven times. Mr. Bouler had made no threatening gestures or moves toward Officer Henderson and was in no way disturbing the peace or causing a disturbance.

16. Nothing about Mr. Bouler's movements or actions at the time of his encounter with Officer Henderson indicated that he posed a threat of death or physical injury to anyone, including Officer Henderson.

17. The force employed by Officer Henderson against Mr. Bouler exceeded the degree of force that a reasonable officer would have used under the same circumstances.

18. As a direct result of Officer Henderson's use of force, Mr. Bouler was grievously injured. Officer Henderson's actions were not objectively reasonable based on the circumstances which confronted him that day.

19. After being shot at least seven times, Mr. Bouler was transported to Methodist Hospital's Northlake Campus in Gary where he was treated for his life-threatening injuries.

20. Mr. Bouler's condition worsened, and he was transported to Chicago's University of Chicago Medical Center.

21.	On or about January 4, 2020, Mr. Bouler died from the grievous bodily injuries inflicted upon his person by Officer Henderson [i.e., at least seven gunshot wounds].  He never left the hospital after being shot by Officer Henderson.

22.	Mr. Bouler did not have a history of violence and, on information and belief, had never been arrested for any reason.

23.	Officer Henderson had no probable cause to believe that Mr. Bouler posed a threat of serious physical harm, either to them or to others.

24.	Officer Henderson had no probable cause to believe that Mr. Bouler had committed a crime involving the infliction or threatened infliction of serious physical harm to others.

25.	Officer Henderson had no reasonable belief that the use of deadly force was necessary to prevent Mr. Bouler from escaping, as he had committed no crime.

26.	Officer Henderson did not give Mr. Bouler any warning about the possible use of deadly force before he opened fire on him.

27.	Officer Henderson had other, non-lethal means of protecting himself and/or de-escalating the situation available to him.

28.	Officer Henderson did not attempt to ascertain whether Mr. Bouler, who was purportedly deaf, could understand their orders before escalating to the use of deadly force.

29.	Prior to this incident, there had been no negative interactions between Mr. Bouler and the City of Gary, Indiana's police department.

30.	Defendant City of Gary police officers lacked adequate training on the proper use of force, to include deadly force, and how to interact with hearing impaired or disabled citizens.

31.     Defendants [City of Gary and Chief of Police Richard Ligon] did not have appropriate policies, training, and other safeguards in place to protect its citizens from the unlawful and unconstitutional use of deadly force.

32.     Defendants [City of Gary and Chief of Police Richard Ligon] negligently retained Defendant Henderson when they knew or should have known of his documented propensity towards and history of aggressive, violent, and unlawful behavior, which proximately caused the death Melvin Bouler.

V.      **ADDITIONAL FACT(S) AGAINST THE CITY**

33.     On or about August 18, 2019, less than three months before Gary, Indiana police officers shot and mortally wounded Mr. Bouler, Gary, Indiana police officers shot and killed Rashad Cunningham, a 25-year-old African-American male father of five.

34.     Despite Mr. Cunningham's slaying, the city of Gary, Indiana did not address its police officers' unwarranted and unconstitutional use of deadly force.

35.     On August 1, 2017, Kemonte Cobbs, a 15-year-old African-American, was shot and killed by Gary, Indiana police officer Justin Hedrick.

36.     Hedrick reportedly shot Cobbs as he lay on the ground with his hands above his head.

37.     On or about July 18, 2016, Officer Henderson was charged with "Kidnapping, Battery Resulting in Moderate Bodily Injury, Intimidation, Interference with the Reporting of a Crime, and Criminal Mischief." [Ex. A-Charging Document]. [1] Three of these charges were felonies involving some level of violence or threats of violence. [Id.].

38.     Officer Henderson was accused by a girlfriend [a member of law enforcement herself] of physically assaulting her [by pushing her in the back of the head and punching her in the mouth],

---

[1] *Fedex Ground Package System, Inc., Employment Practices Litig.,* 2010 WL 1253891, at *6 (N.D. Ind. Mar. 29, 2010) (finding that "the court can take judicial notice of filings in other proceedings to establish the fact of such litigation and related filings");

7

took her keys, threatened to shoot the girlfriend and her brother [Henderson owned a AR-15 assault rifle], and threatened a massacre. [See, Ex. B-Probable Cause Affidavit].

39.    Officer Henderson admitted that he pushed the girlfriend in the head, may have hit her in the face, broke her phone, and grabbed her keys. [Id.].

VI.    **CAUSES OF ACTION**

### COUNT I

**Unconstitutional Use of Excessive and Deadly Force (42 U.S.C. § 1983)
in Violation of the Fourth and Fourteenth Amendments
to the Constitution of the United States
(versus Defendant Officer Brandon Deangelo Henderson and Defendants City of Gary
Police Officers in their Individual Capacity)**

40.    The Plaintiff re-alleges and incorporates by reference the above paragraphs with the same force and effect as if fully set out in specific detail herein below.

41.    Melvin Bouler engaged in no aggressive behavior and presented no threat to the public or any member of the Gary, Indiana Police Department on November 7, 2019.

42.    However, because of his brief encounter with Gary, Indiana police officers, Melvin Bouler, the decedent, was shot and killed.

43.    Melvin Bouler was an 82 years-old man with no police record or history of violence or abusive behavior.

44.    Despite Mr. Bouler not presenting a threat to anyone or engaging in any threat or hint of violence or aggression, not one of the officers on the scene intervened to protect Mr. Bouler from the unwarranted shooting by Gary police officers.

45.    Defendants violated Mr. Bouler's right to be free from unreasonable seizure of his person when he was unjustifiably murdered.

46.    Defendants' actions were objectively unreasonable and violated Mr. Bouler's rights to

life and integrity of his person.  The Fourth and Fourteenth Amendments fully protect these rights.

47.     Many of the Defendants' specific acts were objectively unreasonable and unconstitutional including, but not necessarily limited to, their:

    a.    Failure to assess the relevant circumstances before using excessive and deadly force against Mr. Bouler; and

    b.    Failure to respond to Mr. Bouler, an elderly, hearing-impaired individual, who posed no threat of violence, proportionately.

48.     As a direct and proximate result of the aforesaid unlawful and deliberately indifferent actions of Defendants City of Gary police officers on the scene, which were committed under color of law and under their authority as City of Gary officials, Mr. Bouler suffered grievous bodily harm and was deprived of his right to be free from punishment and to due process of law as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

## COUNT II

**Violation of Indiana Constitution**
**(versus Defendant Officer Brandon Deangelo Henderson and Defendants City of Gary Police Officers in their Individual Capacity)**

49.     The Plaintiff re-alleges and incorporates by reference the above paragraphs with the same force and effect as if fully set out in specific detail herein below.

50.     When Defendants City of Gary police officers shot and killed Melvin Bouler, they deprived him of his right to be free from unreasonable seizures, as guaranteed to him under Article 1, Section 11 of the Indiana Constitution.

## COUNT III

**Civil Rights Claim (42 U.S.C. § 1983)
Failure to Supervise & Train
Violation of Fourth and Fourteenth Amendment Rights
(versus the City of Gary, Indiana and Chief of Police
Richard Ligon in his Individual Capacity)**

51. The Plaintiff re-alleges and incorporates by reference the above paragraphs with the same force and effect as if fully set out in specific detail herein below.

52. Defendants City of Gary and the Chief of Police Richard Ligon developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Gary, which caused the violation of Mr. Bouler's rights.

53. The City of Gary and Chief of Police Richard Ligon are directly responsible for supervising and training police officers in the use of physical and lethal force and for disciplining police officers for using force that violates City policies or the Unites States Constitution.

54. It was the policy and/or custom of the City of Gary and Chief of Police Ligon to inadequately and improperly investigate citizen complaints of police misconduct, excessive force, and brutality, and said acts were instead tolerated by them, including, but not limited to, the following incidents:

   a. On or about August 18, 2019, less than three months before Gary, Indiana police officers shot and mortally wounded Mr. Bouler, Gary, Indiana police officers unlawfully shot and killed Rashad Cunningham, a 25-year-old father of five. Despite Mr. Cunningham's slaying, the city of Gary, Indiana did not address its police officers unwarranted and unconstitutional use of deadly force; and

   b. On August 1, 2017, Kemonte Cobbs, a 15-year-old, was shot and killed by Gary, Indiana police officer Justin Hedrick. Hedrick reportedly shot Cobbs as he lay on the ground with his hands above his head.

55. It was the policy and/or custom of the City of Gary and Chief of Police Ligon to inadequately supervise and train Gary police officers, including the Defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City of Gary did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

56. As a result of the above policies and customs, police officers of the City of Gary, including the Defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

57. The above described polices and customs demonstrated a deliberate indifference on the part of policymakers of the City of Gary to the constitutional rights of persons within Gary, and were the cause of the violations of Mr. Bouler's rights, as herein alleged.

58. These written and unwritten policies of the City of Gary and Chief of Police Richard Ligon in failing to supervise or train the Gary police officers are, therefore, the moving forces behind the violations of Mr. Bouler's Fourth and Fourteenth Amendment rights.

59. As a direct and proximate result of Defendants' acts and omissions as stated above, Mr. Bouler was deprived of his Fourth and Fourteenth Amendment rights and suffered injuries and damages.

**COUNT IV**

**Violations of the Americans with Disabilities Act Amendments Act of 2008 (ADAAA)
and Section 504 of the Rehabilitation Act of 1973
(versus the City of Gary)**

60. The Plaintiff re-alleges and incorporates by reference the above paragraphs with the same force and effect as if fully set out in specific detail herein below.

61. The City of Gary violated Title II of the ADAAA (42 U.S.C. §§ 12131-12134, 12131(2), 12182 and Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794).

62. Title II of the ADAAA and Section 504 of the Rehabilitation Act apply to the City of Gary.

63. Title II of the ADAAA and Section 504 of the Rehabilitation Act affirmatively require that governmental agencies modify and accommodate their practices, policies, and procedures as necessary to avoid discriminating against individuals with disabilities.

64. The City of Gary has been, and is, a recipient of federal funds.

65. The City of Gary must comply with Section 504's mandate.

66. Section 504 requires that federal money recipients reasonably accommodate persons with disabilities in their program activities and services and reasonably modify such services and programs to accomplish this purpose.

67. The City of Gary qualifies as a program and service for purposes of Title II of the ADA and Section 504.

68. Individuals with a hearing impairment other than deafness, like Mr. Bouler, meet Title II's and Section 504's definition of disability.

69. The City of Gary violated Title II of the ADA and Section 504 in at least the following ways:

   a. By failing and refusing to reasonably modify and accommodate police department operations and services for Mr. Bouler, which would include avoiding the use of excessive and deadly force against individuals with impaired hearing, ensuring safe encounters, and educating and training officers in the care of individuals with impaired hearing. The City of Gary made none of these modifications and accommodations;

   b. By failing and refusing to adopt a policy to protect the well-being of people like Mr. Bouler, with hearing impairments, the City of Gary facilitated discriminatory treatment;

    c.    By discriminating against Mr. Bouler, because of his disability, in not accommodating his hearing impairment; and

    d.    By failing to conduct a self-evaluation plan under the ADA and Section 504, and then failing to modify its programs and services to accommodate the needs of persons with hearing impairments, such as Mr. Bouler, when encountering them in crisis situations.

70. Plaintiff seeks damages, as well as declaratory and injunctive relief, under the ADA and Section 504.

## COUNT V

### Civil Rights Claim (42 U.S.C. § 1983)
### Negligent Training, Supervision, and Retention
### Violation of Fourth and Fourteenth Amendment Rights
### (versus City of Gary and Chief of Police Richard Ligon)

71. The Plaintiff re-alleges and incorporates by reference the above paragraphs with the same force and effect as if fully set out in specific detail herein below.

72. Defendants owed a duty of care to Melvin Bouler and E. Bouler to conduct themselves in a reasonably safe manner.

73. Defendants breached their duties in the following non-exhaustive ways:

    a.    By dispatching unqualified and/or untrained police officers to respond to a situation involving a person known to be hearing impaired;

    b.    By failing to properly train and/or educate police officers about responding to situations involving individuals with a hearing impairment; and

    c.    By retaining police officers it knew or had reason to know had a propensity towards and a history of aggressive, violent, and unlawful behavior.

74. Defendants' breaches of duty caused the death of Melvin Bouler and the loss of his love and companionship to his children, Eric Bouler, Melissa T. Bouler, and Darnell Bouler.

75. Defendants' breaches of duty were willful, wanton, and/or reckless.

## COUNT VI

### Adult Wrongful Death (I.C. § 34-23-1-1, et al.)
### (versus All Defendants)

76.     The Plaintiff re-alleges and incorporates by reference the above paragraphs with the same force and effect as if fully set out in specific detail herein below.

77.     Melvin Bouler's death was the result of the wrongful acts or omissions of Defendants.

78.     Eric Bouler, Melissa T. Bouler, and Darnell Bouler had a genuine, substantial, and ongoing relationship with Melvin Bouler and are entitled to damages under Indiana's Adult Wrongful Death Statute (I.C. § 34-23-1-1, et al.).

## COUNT VII

### Violation of Indiana's Tort Claims Act (IC § 34-13-3 *et al.*)
### (versus City of Gary police officers in their Individual Capacity)

79.     The Plaintiff re-alleges and incorporates by reference the above paragraphs with the same force and effect as if fully set out in specific detail herein below.

80.     This cause of action is brought by the Plaintiff against Defendants individual police officers of the city of Gary, Indiana Police Department who exercised excessive force in shooting Melvin Bouler on November 7, 2019, which caused him to suffer and ultimately die, in violation of IC 34-13-3 *et al*.

81.     In exercising excessive force against Melvin Bouler, Defendants Gary police officers had no reasonable basis to believe that such force was necessary to effectuate a lawful arrest, as Melvin Bouler was an 82-year-old man with at least one disability and presented no threat to the officers or the public.

82.     Defendant Gary police officers' actions were malicious and/or willful/wanton. Melvin Bouler was an elderly man who presented no grave threat to anyone. Moreover, he made no threatening or sudden movements toward the officers.

83.     Defendants Gary police officers violated Indiana's Tort Claims Act in deploying

excessive force on 82-year-old Melvin Bouler.

84. As a direct and proximate result of the above-mentioned actions of the City of Gary, Indiana police officers who shot Melvin Bouler, Melvin Bouler sustained severe physical injury, experienced grievous pain and suffering, and eventually died.

## VI. **PRAYER FOR RELIEF**

WHEREFORE Plaintiff Eric Bouler prays for the following relief:

A. A declaration that Defendants City of Gary police officers violated Melvin Bouler's rights under the United States and Indiana Constitutions;

B. A declaration that the City of Gary violated Melvin Bouler's rights under Title II of the ADA, Section 504 of the Rehabilitation Act of 1973;

C. A declaration that the customs, practices, and policies, and/or lack thereof, of the City of Gary, the Chief of Police, and Defendants City of Gary police officers violated Mr. Bouler's rights under the U.S. Constitution;

D. An injunction to redress the above-described acts and/or omissions;

E. Damages, including an amount for the violation of Melvin Bouler's constitutional rights, and for Eric Bouler's, Melissa T. Bouler's, and Darnell Bouler's loss of the love and companionship of their father, and for the medical, burial and funeral expenses related to Melvin Bouler's death;

F. Compensatory damages in an amount to be determined as fair and just under the circumstances, by the trier of fact including, but not limited to, pain and suffering, medical expenses, loss of earnings and earning capacity, mental anguish, anxiety, humiliation, and embarrassment, violation of Melvin Bouler's federal and state rights,

loss of social pleasure and enjoyment, and other damages to be proved at trial;

G. Statutory compensatory damages and punitive damages pursuant to 42 U.S.C. § 1983;

H. Statutory attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and the Indiana Wrongful Death statute;

I. Punitive and/or exemplary damages in an amount to be determined as reasonable or just by the trier of fact;

J. Reasonable attorney fees, pre-judgment and post-judgment interest, and costs; and

K. All other declaratory, equitable, and/or permanent injunctive relief, as appears to be reasonable and just.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

Respectfully submitted,

*/s/Roderick T. Cooks*
Robert L. Beeman, II
Roderick T. Cooks
Lee D. Winston
Attorneys for the Plaintiff

**PLAINTIFF'S ADDRESS:**
Eric Bouler
c/o Robert L. Beeman, II
BEEMAN LAW FIRM
P.O Box 253
Helena, Alabama 35080
205.422.9015 (P)
800.693.5150 (F)
rlbsportsmgnt12@att.net

Lee D. Winston
Roderick T. Cooks
Winston Cooks, LLC
505 20th Street North
Suite 815
Birmingham, AL 35203
Tel:    205-482-5174

Fax:   205-278-5876
Email: lwinston@winstoncooks.com
Email: rcooks@winstoncooks.com

### CERTIFICATE OF SERVICE

I certify that on the **28th** day of **May, 2021**, service of a true, correct and complete copy of the foregoing pleading was made upon all counsel of record via the Court's CM/ECF system and/or via United States regular mail with the proper postage affixed to:

Shelice R. Tolbert, #22522-45
Candace C. Williams, #34257-45
TOLBERT & TOLBERT LLC
1085 Broadway, Ste. B
Gary, IN 46402
Ph:   219-427-0094
Fax:  219-427-0783

Attorneys for Defendants City of Gary and Richard Ligon

                                                                /s/Roderick T. Cooks
                                                                Of Counsel