UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ERIC COULER, as administrator of the Estate, of MELVIN BOULER, deceased., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF GARY, INDIANA, *et al.*, )<br>)<br>Defendants. ) | Case No. 2:21-cv-86 |

**OPINION AND ORDER**

This matter is before the court on the Motion for Protective Order For The 30(b)(6) Deposition Of The City Of Gary, Indiana, [DE 34] filed by the defendant, City of Gary, Indiana, on March 17, 2023. For the following reasons, the Motion for Protective Order is **DENIED.**

*Background*

The plaintiff, Eric Bouler, as administrator of the estate of Melvin Bouler, initiated this lawsuit on March 9, 2021, following the shooting death of his father, Melvin Bouler, by police officers with the City of Gary, Indiana. The plaintiff alleges, *inter alia*, that City of Gary, Indiana, failed to supervise and train its officers which resulted in the wrongful death of his father.

During discovery, a dispute arose regarding the plaintiff's intention to depose the City of Gary pursuant to Federal Rule of Civil Procedure 30(b)(6). The parties were unable to amicably resolve their dispute, and the City of Gary filed the instant motion [DE 34] on March 17, 2023, asking the court to grant a protective order to prevent or quash the plaintiff's 30(b)(6) notice. The plaintiff opposed this motion [DE 37] on March 31, 2023, and on April 10, 2023, the City of Gary filed its reply [DE 38] in support of its motion.

1

*Discussion*

A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." **Federal Rule of Civil Procedure 26(b)(1).** For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978)).

**Federal Rule of Civil Procedure 30(b)(6)** addresses discovery (particularly depositions) directed to an organization. It provides that a deposition notice "must describe with reasonable particularity the matters for examination," after which the organization "must then designate one or more officers, directors or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." **Rule 30(b)(6)**. Then, the organization must prepare the designated individuals for their depositions so that they can "testify about information known or reasonably available to the organization." *Id.*

Still, a party may move for a protective order in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ...." **Rule 26(c)(1)**. Additional limitations are imposed on discovery, including **Rule 30(b)(6)** depositions, by **Rule 26(b)(2)(C)** which provides:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

>(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
>(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
>(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

**Rule 26(b)(2)(C)**.

The party requesting the protective order carries the burden of demonstrating good cause, and the moving party can satisfy that burden by showing some plainly adequate reason for the order. **Charles Alan Wright & Arthur R. Miller,** *Federal Practice and Procedure § 2035* (3d ed.1998). *See also* **Gregg v. Loc. 305 IBEW**, 2009 WL 1325103, *8 (N.D. Ind. May 13, 2009) ("The burden rests upon the objecting party to show why a particular discovery request is improper." (*citing* **Kodish v. Oakbrook Terrace Fire Prot. Dist.**, 235 F.R.D. 447, 449–50 (N.D.Ill.2006)); **McGrath v. Everest Nat'l Ins. Co.**, 2009 WL 1325405, *3 (N.D. Ind. May 13, 2009); **Carlson Restaurants Worldwide, Inc. v. Hammond Pro. Cleaning Services**, 2009 WL 692224, *5 (N.D. Ind. March 12, 2009)). Specific factual demonstrations are required to establish that a particular discovery request is improper and that good cause exists for issuing the order. *See* **Felling v. Knight**, 211 F.R.D. 552, 554 (S.D.Ind.2003) ("To establish good cause a party must submit 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'").

Here, the City of Gary argues that the topics provided in the 30(b)(6) notice were a replica of the interrogatories it already has answered. As such, it contends that the deposition request is duplicative and unnecessary. Additionally, the City of Gary asserts that some topics provided in the notice are overly broad and thus it cannot properly prepare a witness to testify at the deposition.

In retort, the plaintiff contends as an initial matter that the defendant's responses to his interrogatories were incomplete and evasive. And so, the plaintiff argues that he has reason to probe those topics. The plaintiff asserts that depositions are routinely utilized to inquire further about information asked and obtained through interrogatories. The plaintiff also cites to several cases that held that requests for information stemming back five years are reasonable, especially in *Monell* type discovery, and thus claims the request is not overly burdensome.

The City of Gary heavily relies on **Richardson v. Rasulov**, 2020 WL 12654652 (S.D. Ind. Oct. 22, 2020) to support the contention that interrogatory type topics are inappropriate and ill fit for a deposition notice. In **Richardson**, the court noted that the plaintiff's Rule 30(b)(6) notice read in part like an interrogatory. *Id.* at *3. Specifically, the plaintiff in **Richardson** sought information such as "the substance of all communications" relating to various topics. *Id.* Indeed, the court found that the broad nature of the topics provided in the notice were far too vague, especially given how far along the case was in the discovery process. As a result, the court found that the topics in the Rule 30(b)(6) deposition notice made it improbable for a deposition witness to be accurately prepared for the anticipated topics.

Nevertheless, the instant case is easily distinguishable from **Richardson**. In **Richardson** the plaintiff's notice concerned broad topics including "the substance of all communications" without specifying a time frame. By contrast, here, the plaintiff's topics appear are far narrower and pertain to highly relevant information to his claim. For instance, the plaintiff's notice of deposition seeks information related to the City of Gary Police Department's use of force incidents, lawsuits concerning police brutality or police misconduct, among other related topics over the past five years. Such information is routinely sought in *Monell* claims to establish whether the municipality condoned or allowed the alleged illicit widespread practice or custom to persist. This

is vital because a municipality can only be found liable under § 1983 if the municipality itself causes the constitutional violation. See **Monell v. Dep't of Soc. Servs.**, 436 U.S. 658, 694 (1978).

The City of Gary further argues that Rule 30(b)(6) notice seeks testimony over a 5-year period and argues such a time span is overly broad and unduly burdensome. The court disagrees. In fact, courts throughout the Seventh Circuit "routinely order the production of all files for a five-year period preceding the event at issue in a case" in cases involving *Monell* discovery requests. **DeLeon-Reyes v. Guevara**, 2019 WL 4278043, at *8 (N.D. Ill. Sept. 10, 2019) (*citing* **Awalt v. Marketti**, 2012 WL 6568242, at *6 (N.D. Ill. Dec. 17, 2012); **Padilla v. City of Chicago**, 2011 WL 3651273, at *4 (N.D. Ill. Aug. 18, 2011); **Johnson v. City of Joliet**, 2007 WL 495258, at *4 (N.D. Ill. Aug. 18, 2011)); *See also* **Sanchez v. City of Fort Wayne**, 2019 WL 6696295, at *3 (N.D. Ind. Dec. 9, 2019) (where the court held "courts within this circuit have often found five-year discovery periods reasonable).

Accordingly, the court finds that the topics provided in the plaintiff's Rule 30(b)(6) notice satisfy the reasonable particularity requirement and the designated time frame is not overly broad or unduly burdensome. The topics to be covered at the deposition are relevant in that they bear on material issues in the case and may reasonably lead to the discovery of other relevant information.

Based on the above, the Motion for Protective Order For The 30(b)(6) Deposition Of The City Of Gary, Indiana, [DE 34] is **DENIED**.

ENTERED this 24th day of April, 2023.

/s/ Andrew P. Rodovich
United States Magistrate Judge